## LEATHER et al. v. WHITE.

(Circuit Court of Appeals, Seventh Circuit. September 28, 1922.)

### No. 3086.

Appeal and error ⊚⇒112—Litigation ended by failure to appeal from final decree, and no appeal lies thereafter from action of other judge.

Where one judge rendered a final decree dismissing the bill, and subsequently another judge rendered another decree of dismissal, from which an appeal was taken, the appeal will be dismissed, as the litigation was ended by the failure to appeal from the first decree.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by William Leather and another against Mark J. White. From a decree dismissing the bill, complainants appeal. Appeal dismissed.

Oliver J. Cook, of Chicago, Ill., for appellants.
Edward R. Johnston, of Chicago, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

BAKER, Circuit Judge. From the record it appears that appellants, as minority stockholders of the Speedway Park Association, were endeavoring to recover on behalf of the corporation the possession of property which had been purchased by the United States for a national hospital, and which was in the custody of appellee, White.

It further appears that a motion to dismiss their original bill for want of equity was sustained by Judge Mack, Circuit Judge, duly assigned to the District Court and sitting therein, and that they were

given leave to present, but not to file without further leave, an amended bill of complaint.

On July 5, 1921, Judge Mack caused to be filed and recorded in this cause in the District Court a document labeled "Memorandum Opinion," but worded as follows:

"Leave was heretofore granted to present an amended bill on motion for leave to amend. Without order, an amended bill was filed.

"Had this bill been presented as directed, leave to file would have been denied, inasmuch as it is no improvement on the original bill either in form or in substance. The motion to strike it from the files will therefore be granted. Pursuant to the views heretofore expressed on the motion to dismiss, that motion is sustained and the bill dismissed."

On July 7, 1921, Judge Carpenter, one of the judges of said District Court, caused the following decree to be recorded in this cause in the District Court:

"This cause coming on to be heard on the motion to strike amended bill from the files, and also upon motion to dismiss said bill, all things considered, the motion to strike said amended bill from the files is denied, and the motion to dismiss said bill is allowed. It is therefore ordered that said amended bill be and it is hereby dismissed for want of equity."

How and why Judge Carpenter's action was invoked does not appear from the record before us.

What the nature of Judge Mack's action was must be determined by considering the body of the record, not merely the label put upon it. So considered, we find that the record embodies a final decree of July 5, 1921, dismissing the amended bill for want of equity apparent on its face. On behalf of appellee the United States district attorney interposes a motion to dismiss the appeal on the ground that the petition for appeal, the order of allowance, and the assignments of error are all directed exclusively to the entry made by Judge Carpenter on July 7, 1921.

If it were permissible for us to examine the amended bill, we would start with the presumption of the correctness of Judge Mack's ruling, reinforced by the presumption of the correctness of Judge Carpenter's ruling. But we are constrained to sustain the district attorney's motion, on the ground that the cause was ended on July 5, 1921, by a final decree from which no appeal has been taken.

The appeal is dismissed.